IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRYL STEWART,

    Plaintiff,

v.

                                              CV 11-0298 MCA/WPL
                                              Consolidated With
                                              CV 11-0496 MCA/WPL

METROPOLITAN DETENTION CENTER,
CORRECTIONAL MEDICAL SERVICES, INC.,
and CANTEEN CORPORATION FOOD SERVICES,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6), on Plaintiff Darryl Stewart's civil rights complaint. Stewart is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons below, I recommend that Defendant Metropolitan Detention Center ("MDC") be dismissed from this action with prejudice.

Courts have the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." Courts may also dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007). In reviewing Stewart's *pro se* complaint, I apply the same legal standards applicable to pleadings drafted by counsel but liberally construe the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his consolidated complaints, Stewart raises allegations against MDC, the companies responsible for providing food and medical service at MDC, and the individual director of Correctional Medical Services. As to MDC, Stewart asserts that he was denied adequate access to the law library on a specific date (11cv298 Doc. 1 Ex. 1 at 8), that correctional officers were not present in his unit for hours at a time (*id.* at 9), that he was subjected to racial discrimination when correctional officers used racial epithets (*id.*), and that he was housed in overcrowded and cold conditions (*id.* at 10).

No relief is available on Stewart's claims against MDC. A detention center is not an entity that may be sued in this Court. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) ("Mr. Aston named the Salt Lake County Jail as a defendant. Dismissal against this entity was . . . required because a detention facility is not a person or legally created entity capable of being sued."); *Buchanan v. Oklahoma*, No. 09-744, 2010 WL 1449603, at *4 n.8 (W.D. Okla. March 4, 2010) (collecting cases and finding that the majority of federal courts that have considered the issue hold that a detention center is not amenable to suit as an individual or entity).

It is possible that the claims raised against MDC could be brought against the individuals who were responsible for the alleged violations. Accordingly, Stewart may, in objecting to this order, cure his complaint by naming those individuals.

Accordingly, I recommend that MDC be dismissed as a Defendant in this action. I further

recommend that the claims asserted against MDC be dismissed unless Stewart is able to identify individuals responsible for the alleged violations. If Stewart is able to specifically identify proper defendants to the claims originally brought against MDC, the Court will substitute them for MDC.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

3