IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRYL STEWART,

    Plaintiff,

v.

    CV 11-0298 MCA/WPL
    Consolidated With
    CV 11-0496 MCA/WPL

CORRECTIONAL MEDICAL SERVICES, INC., et al.,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO COMPEL**

Defendant Correctional Medical Services, Inc. ("CMS") has moved to compel Plaintiff Darryl Stewart to provide an authorization releasing his medical records. (Doc. 39.) In response to the motion, Stewart signed the medical authorization form. (Doc. 41.) However, he only completed the general release and did not release the specific records for psychotherapy, mental health treatment, substance abuse treatment, or treatment for sexually transmitted diseases or HIV/AIDS. (Doc. 42 Ex. A.) He also limited the initial date of service, only releasing records from June 22, 2009 to present. (*Id.*) CMS now seeks access to all of Stewart's medical and treatment records from the date of his arrest, June 4, 2009. (Doc. 42 at 1-2.)

In general, after a civil lawsuit is filed, parties are required to make initial disclosures. *See* FED. R. CIV. P. 26(a)(1). In this district, when a party's medical condition is at issue, one of these required disclosures is a completed authorization to release medical records form. D.N.M.LR-Civ. 26.3(d)(3).

Because Stewart is in state custody and is *pro se*, this case is exempt from the provisions

related to initial disclosures. FED. R. CIV. P. 26(a)(1)(B)(iv). However, Stewart's medical records from Metropolitan Detention Center, to which CMS no longer has access without a release form (*see* Doc. 42 at 2), are critical to his claim that his serious medical needs were ignored from June 20 to July 28, 2009. (*See* Doc. 17 at 1.) CMS will be required to prepare a *Martinez* report to assist the Court in evaluating the factual and legal basis for Stewart's claims. (*See id.* at 2; Doc. 36 (temporarily vacating *Martinez* report deadlines).) The Court will require that the relevant medical records be attached to the report. Accordingly, Stewart's authorization to release medical records is necessary, and it must cover the entire length of his current incarceration, from June 4, 2009 through the present.

However, CMS has not explained why the specific records regarding mental health, substance abuse, and sexually transmitted disease treatment are necessary. In support, CMS merely states that Stewart "brings claims of medical negligence, medical indifference, and neglect and seeks damages for mental anguish . . . ." (Doc. 42 at 2.) All of Stewart's medical claims relate to his general medical treatment, and CMS should be able to access the necessary records with a general medical release. Records related to Stewart's mental state may be relevant to the issue of damages, but that issue will not be before the Court at the *Martinez* report stage. Instead, the Court will only consider the factual and legal basis for Stewart's claims. *See Hall v. Bellman*, 935 F.2d 1106, 1109 (10th Cir. 1991). If Stewart's claims survive summary judgment, then CMS would be entitled to Stewart's mental health records. At this stage, though, I will not order Stewart to release all of his records pertaining to potentially irrelevant treatment.

IT IS THEREFORE ORDERED that CMS's motion is GRANTED IN PART and DENIED IN PART. CMS shall immediately provide Stewart with a blank medical authorization form, which

Stewart will complete and sign for dates of service from June 4, 2009 through the present. CMS must receive the completed form by **May 7, 2012**. However, Stewart is not required to release the specific records that CMS requested at this point. **If Stewart does not remedy the dates of service on the medical release form, he could be subject to sanctions, including the dismissal of this action with prejudice.**

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

3