IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DARRYL STEWART,

      Plaintiff,

                                              CV 11-0298 MCA/WPL

v.                                              Consolidated With
                                              CV 11-0496 MCA/WPL


CORRECTIONAL MEDICAL SERVICES, INC., et al.,

      Defendants.


**ORDER DENYING MOTIONS**

Plaintiff Darryl Stewart recently filed three motions. Two request that the Court order service of process on non-defendants Thaddens Lucero, County Manager for Bernalillo County, and John P. Dantis, Deputy County Manager for Bernalillo County. (Doc. 66; Doc. 70.) The other requests that the Court issue a subpoena for the medical records that were obtained by Defendant Correctional Medical Services, Inc. (Doc. 65.) Both motions are premised on Stewart's misunderstanding of the posture of his case, and both will be denied.[1]

First, Bernalillo County is not a defendant in this case. Indeed, the Bernalillo County Metropolitan Detention Center, the only somewhat related defendant that Stewart named in his original complaint, was dismissed from this case with prejudice several months ago. (Doc. 37.) Accordingly, it is improper for Stewart to request service on Thaddens Lucero and John P. Dantis, who are neither defendants to the case nor agents for defendants to the case. Stewart is only permitted to request service on the following individuals: Ron Torres, S. Lucero, and

---

[1] I have not yet ruled on Stewart's motion requesting that the Court issue and serve subpoenas on the Metropolitan Detention Center and Correctional Medical Services, Inc. This order has no impact on that pending motion.

Lieutenant Grant. If Stewart continues to file motions requesting service on individuals who are not defendants to this case, filing restrictions will be imposed.

Next, the Court and Stewart have been working to determine the names and addresses of the three Defendants who have not yet been fully named and/or served. Before these Defendants were added to the case, I ordered that a *Martinez* report be prepared that would address the merits of Stewart's claims. (Doc. 17.) After that order was filed, Stewart named several additional Defendants, who were ultimately added to the case. (Doc. 21; Doc. 37.) Because of the need to name and serve the newly added Defendants, I vacated the *Martinez* report deadlines. (Doc. 36.) Since that time, I have ordered the served Defendants to prepare two limited *Martinez* reports for the sole purpose of identifying and serving the remaining Defendants. These orders for limited *Martinez* reports did not ask the Defendants to address the merits of Stewart's claims. Once all Defendants have entered the case, I will order them to prepare *Martinez* reports that address the merits of Stewart's claims. Until that time, it is inappropriate for Stewart to demand records relating to the merits of his claims.

IT IS THEREFORE ORDERED that Stewart's Motion for an [sic] Subpoenas for the Medical Records Obtained from the Bernalillo County Metropolitan Detention Center (Doc. 65) and his Motions for Service of Summons and Complaint (Doc. 66; Doc. 70) are DENIED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.