UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO – ALBUQUERQUE DIVISION

| | |
|---|---|
| DARRYL STEWART, ) | |
| ) | |
| Plaintiff, ) | C.A. No. CV 11-0298 MCA/WPL |
| ) | |
| v. ) | Consolidated With |
| ) | |
| CANTEEN CORPORATION FOOD ) | C.A. No. CV11-0496 MCA/WPL |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF RAUL GRIEGO

I, Raul Griego, hereby depose and state as follows:

1. I am employed by Bernalillo County and serve as the Materials Manager and Contract Monitor for the Bernalillo County Metropolitan Detention Center ("MDC"), which is located at 100 Deputy Dean Miera Drive, SW, in Albuquerque, New Mexico. I have held this position for approximately ten years. My duties in this position include, but are not limited to, routinely interacting with employees of the MDC's contracted food service vendor, Compass Group USA, Inc. d/b/a Canteen Correctional Services ("Canteen"), to ensure that Canteen provides food service on the MDC's behalf in a manner that complies with the MDC's food service and security policies and to serve as a liaison between Canteen and the MDC officials responsible for responding to inmate food service grievances and complaints. I am competent to testify to the matters stated herein and make this affidavit based on personal knowledge and/or knowledge made reasonably available to me in my role as a Materials Manager and Contract Monitor for the MDC.

2. The MDC has established an administrative grievance system that inmates may use to seek redress of issues relating to the conditions of their confinement, including food

service. The substantive and procedural aspects of the MDC's administrative grievance system are delineated in MDC Policy No. 13.09, a true and accurate copy of which is attached hereto as Exhibit A.

3. Pursuant to MDC Policy No. 13.09, the processing of a standard Grievance and Grievance Appeal at the MDC generally works as follows:

   a. If an inmate is unable to informally resolve a complaint through an informal information request, he may notify the Grievance Classification Specialist that he wishes to submit a grievance within ten (10) days of becoming aware of the grievable issue;

   b. Upon receiving such notification, the Grievance Classification Specialist visits with the inmate at the cell door to discuss the inmate's proposed grievance;

   c. If the Grievance Classification Specialist determines that the inmate's complaint concerns a grievable issue, he/she will provide the inmate with a pre-numbered Grievance form;

   d. The inmate then writes the details of his complaint on the Grievance form and, when complete, returns it to the Grievance Classification Specialist, who then signs and dates the form in the appropriate space and then gives the inmate a pink carbon copy of the completed form along with a receipt evidencing submission of the Grievance form;

   e. The Grievance Classification Specialist subsequently submits all the Grievance forms collected to the Grievance Administrative Assistant, who then copies and logs each Grievance form and forwards them to each inmate's Case Manager;

   f. The Case Manager then enters each Grievance form into the grievance database and forwards them to the appropriate Division Manger within two (2) working days of receipt;

   g. The Division Manager must provide a response to the Grievance form and return all copies of the response to the Grievance Manager within ten (10) working days;

   h. The Grievance Manager then logs the response, forwards a copy of the response to the inmate's Case Manager for distribution to the inmate and a copy to the Grievance Manager Administrative Assistant for filing in the inmate's who then delivers the response to the inmate.

   i. If an inmate is not satisfied with the response he may submit a Grievance Appeal to his Case Manager within five (5) working days from the date on which the inmate received the response;

j.  The inmate's Case Manager forwards the Inmate Grievance Appeal, along with the entire grievance file and a recommendation for resolution to the Deputy Chief, who must issue a ruling within five (5) working days;

k.  The Deputy Chief's decision is final, thus exhausting the administrative remedies available at the MDC.

*See* MDC Policy No. 13.09, ¶¶C, D and E.

4. Grievances and/or Grievance Appeals are not accepted unless submitted in accordance with the procedures delineated above. *See* MDC Policy No. 13.09, ¶C.1.

5. Upon learning of this action, I conducted an investigation into the prisoner plaintiff's efforts to exhaust the administrative remedies available to him at the MDC in connection with the food service based claim asserted in this action. During the course of that investigation, I communicated with the Grievance Classification Specialist assigned to the prisoner plaintiff's unit during the pertinent time frame and the Case Manager assigned to the prisoner plaintiff during his confinement at the MDC, who were responsible for collecting and processing Grievances and Grievance Appeals filed by the prisoner plaintiff. I also reviewed the general inmate files maintained at the MDC concerning the prisoner plaintiff as well as the logs and files maintained at the MDC for inmate Grievances and Grievance Appeals.

6. Based on my communications with the above-stated MDC officials and the information contained in the aforementioned logs and files that I reviewed, it is my understanding that the prisoner plaintiff submitted an Inmate Request Information form to Canteen dated March 28, 2010 in which he complained about unspecified problems with his meal trays. A true and accurate copy of the Inmate Request Inform submitted by the prisoner plaintiff is attached hereto as Exhibit B.

7. For reasons that are unknown to me, the prisoner plaintiff apparently wrote the words "Grievance Food Service" on the Inmate Request Information form. However, the

3

prisoner plaintiff did not submit the document in accordance with the procedures delineated in MDC Policy No. 13.09 and, therefore, it does not constitute a Grievance under the MDC's administrative grievance system. Instead, it appears that the document was treated as an informal information request and directed to Canteen for a response. A Canteen staff member apparently responded to the request sometime thereafter. A true and accurate copy of Canteen's response is attached hereto as Exhibit C.

8. Based on my communications with the above-stated MDC officials and the information contained in the aforementioned logs and files that I reviewed, it does not appear that the prisoner plaintiff attempted to grieve the issue raised in the March 28, 2010 Inmate Request Information form after he received Canteen's response because no records of any Grievance or Grievance Appeal concerning problems with the prisoner plaintiff's meal trays were located in the logs and files that I reviewed. Nor were any records of any Grievance or Grievance Appeal by the prisoner plaintiff concerning food service issues uncovered during the course of my investigation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 23 DAY OF MARCH, 2012.

_____
Raul Griego

Then personally appeared before me on this 5th day of ~~March~~ April, 2012, the above-named, Raul Griego, and acknowledged the foregoing to be his/her free act and deed.

_____
Notary Public
My Commission Expires 02/26/2015

OFFICIAL SEAL
Faith Jo Montoya
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 02/26/2015

5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO – ALBUQUERQUE DIVISION

| | |
|---|---|
| DARRYL STEWART, | |
| Plaintiff, | C.A. No. CV 11-0298 MCA/WPL |
| v. | Consolidated With |
| CANTEEN CORPORATION FOOD SERVICES, et al., | C.A. No. CV11-0496 MCA/WPL |
| Defendants. | |

**AFFIDAVIT OF RAUL GRIEGO**

**EXHIBIT A**

| 13.09 | Policy<br>Grievance Procedures | Approved Date | Review Date |
|---|---|---|---|

**1.309    POLICY    Grievance Procedures**

(Revised) 0021-2009

PURPOSE:

There is a grievance procedure available to all inmates that include provisions for at least one level of appeal. Inmates are permitted to seek a formal review of complaints relating to their confinement when they have been unable to resolve those complaints informally with staff. The grievance procedure is a right of persons detained at BCMDC. It is imperative that the grievance procedure is administered in an unbiased manner.

Procedures:
A. Grievance Request:
An aggrieved inmate may initiate a grievance, provided it meets these requirements:
1. Each grievance must concern a single issue or situation that personally affects an inmate in the areas of health and welfare or areas of operations and services of the facility
2. An inmate is responsible for completing the form (i.e. Date, Name, MID# and signature) Submitted as his/her own grievance. Group grievances or grievances submitted on behalf of another inmate are not accepted.
3. A grievance must address a complaint of oppression or misconduct by an employee in administering their duties. A personal dispute between an inmate and an employee is not grounds for a grievance.
4. Any complaint pertaining to the handling of a disciplinary hearing or anything related to the hearing is handled as a disciplinary action appeal. (See Chapter 14 of the Policy and Procedure Manual)

B. Grievable Issues/Non-Grievable Issues:
1. Housing/Classification assignments – Non- grievable issue (Unit, Pod, or Cell/Room Assignments).

    a. Telephone usage:
    1. Grievable issue – access to the free phone call when in RDT
    2. Non- Grievable issue – Use of the free phone in the Pod or Unit Core because an outside phone or cell is blocked from collect calls.

    b. Medical Issues:
    1. Grievable issues--when the provider has informed the inmate they will perform a specific service and they do not provide it. (I.e. special diet was ordered but inmate's name is not put on the list).
    2. Non- Grievable issues are those that refer to the personality of staff, medical findings or medical treatment plans. (Provider decides proper Medication).
    3. Non- grievable issues--when inmate misses medical sick call and then decides he/she needs to visit medical.

    c. Food service unit:
    1. Grievable Issue - Quantity of the food when it comes to inequality of the portions distributed in the Pod.
    2. Non-grievable issue -Quantity of the food when it is just because you want larger portions
    3. Non-grievable - Quality of food served.

    d. Laundry:
    1. Grievable issue - Sanitation and cleanliness of linens.
    2. Non-grievable issue - Distribution outside of the scheduled time period.

    e. Recreation:
    1. Non-Grievable issue - Any question outside of the five- (5) hours a

        week requirement for recreation.
- f. Commissary:
  1. Grievable issue - The process of receiving commissary.
  2. Non-grievable issue - The access to commissary.
- g. Mail:
  1. Grievable issue - Access to the mail, incoming or out going, when there is proof of a violation of the facility policy and procedures.
  2. Non-grievable issue - Delivery of mail to the facility from the Post Office.
- h. Law Library:
  1. Grievable issue – no access to law library when working on a pro se case.
  2. Non-grievable issue – Use of the library except under the above situation.
- i. Programs:
  1. Grievable issue – Court ordered participation in a program.
  2. Non- grievable issue – participation in any program
- j. Marriages:  Not a grievance issue.
- k. In-house Visits:
  1. Non- grievable issue (will be looked at on a case by case basis).  Must be approved by the Captains of both Units.  Proof of relationship must be verified.
- l. Publications:
  1. Non-grievable issue - Location prior to reaching the facility is not grievance issue (must come from publishers).
  2. List of acceptable publications approved for inmates to follow
- m.     Visiting
  1. Grievable issue - Access to visiting.
  2. Non-grievable issue - Number of visits.
  3. Non-grievable issue - Time or type of visit.
  4. Non-grievable issue - Duration of visit.
- n. TV viewing:  Non-Grievable issue – programming shown on the TV.
- o. Classification Specialist
  1. Grievable Issue- Twice a week Pod Visit
  2. Non-grivable – Information Provided

C.    Grievance Procedures:

1. Grievance forms are available upon request from the Grievance Classification Specialist. When an inmate feels a complaint has not been resolved informally or by request and wishes to pursue the matter further. The inmate files a grievance form (MDC-5) with the Grievance Classification Specialist. Grievances will not be received by any other method, which may circumvent operational procedures.

   a.    A Grievance Classification Specialist will enter each Pod at least twice a week to receive grievances.
   (In the event this minimum cannot be accomplished the Programs Specialist must be notified in advance of the circumstance.  If a remedy cannot be provided the Operations Administrator must be notified).

   b.    The Grievance Classification Specialist will announce that grievances will now be accepted. In the event the Pod is in lockdown, an announcement will be made that grievances will now be accepted and interest inmates' shall be visited at the

        cell door to discuss and obtain the grievance.

c.   All Grievances must be submitted to the Grievance Specialist during the time that he/she is in the pod. Failure to submit grievances to the Grievances Specialist prior to leaving the pod will require the inmate to re-file the grievance (issuance of a new grievance number) during the Grievance Specialist's next visit to the pod.

d.   If the inmate has a grievance against the Grievance Classification Specialist, the inmate will:
    1) Have the Correction Officer in the Pod Call the Program Specialist
    2) The Program Specialist or the Classification specialist supervisor will come down to the Pod and have the inmate fill out a grievance.

e.   If an inmate on the BCCT detail has a grievance he/she will:
    1) Talk to the Correctional officer that supervises the BCCT detail.
    2) Arrange for the Officer to get you escorted to the Grievance Specialist's office upon return from detail duties before returning to the Pod.

f.   The Grievance Classification Specialist will then determine if the complaint is a true grievable issue.
\* If the grievance is against the Grievance Classification Specialist the inmate may have the Correctional officer call the Program Specialist, who will go down and follow the correct procedure.

g.   The inmate will write out the single issue or complete situation on the grievance for and hand it back to the Grievance Classification Specialist. No other means will be acceptable.

h.   Grievance Classification Specialist signs and dates the form then removes the Pink copy and returns it to the inmate as a receipt.

i.   Each grievance form is pre-numbered; Unnumbered forms will not be accepted a pre-numbered form will need to be obtained from the grievance classification specialist.

2. A grievable issue will become non-grievable if it is not submitted within 10-days of the alleged incident or situation The Grievance Specialist will use his/her discretion in issuing a grievance form after the 10-day rule or attempt to resolve the issue informally.

3.
4. All grievances received and logged will be given to the Grievance Administrative Assistant at the end of each day.
4. The Grievance Administrative assistant will then scam each Manager will copy each grievance and log them into a file. Then the grievance will be entered into the grievance database. After which it will be forwarded to the appropriate division head, within two (2) working days of the receipt of

the grievance. However if in the judgment of the Case Manager, the situation threatens an inmate's immediate health or safety, the Case Manager may process the complaint immediately through the appropriately authorized process. * A copy will be given to the Grievance Manager for further processing.

    a. Normal Grievances:

        1) Determine which appropriate division manager will receive the grievance.
        2) Grievance Manager will record on his/her grievance log the person, date and time given to the appropriate division manager.
        3) Appropriate division manager responds to the grievance and then returns all copies to the Grievance Manager with in ten(10) working days.
        4) Grievance Manager will record response on his/her grievance log.
        5) The Grievance Manager then forwards the grievance to the inmates Case Manager who will then issue the inmate his/her copy.
        6) Grievance is acknowledged as resolved on the Grievance Manager's log and in the database.
            a) All resolved grievances are forwarded to the Case Manager Administrative Assistant to be filed in the inmate's file and reported by e-mail to the proper Case Manager by number as resolved. (The Case Manager will then make his/her log as resolved).
            b) The Grievance Manager investigates all unresolved grievances. (See Responsibility and Operations).

        7) The Grievance Manager shall follow up on unsigned grievances periodically. * At least once a week

        8) The Grievance Manager will give the Deputy Chief of Operations a copy of the report generated by the database at least once a week. * It is to be presented by units.

    b. Emergency Situations:

        1) Deputy Chief– Security issues
        2) Deputy Chief – Operations
        3) Central Service Manager – Fiscal/Financial Manager

5. Inmate filing or who have filed a grievance are never subject to reprisals or retaliation by the department or any member of the department.

D. Responsibility and Operation:

    1. The Grievance Committee may be comprised of staff:

        a. Chairman – Grievance Manager

     b.  Members - Will be appointed for a three-month period of time.

  2.  The Grievance Manager is responsible for following and monitoring operational grievance procedures.

  3.  In the case of an unresolved grievance the Grievance Manager will investigate the action taken by the appropriate division manager and the reason

  4.  When the course of action to resolve the complaint is decided, recommendations are explained in writing and signed by the Grievance Manager and at least two (2) committee members.

  5.  The inmate has five (5) working days to appeal the decision of the Grievance Committee to the Deputy Chief. If the inmate does not appeal, it will be understood that he/she has accepted the committee's answer.

E. <u>Appeal Process:</u>

  1.  It is the responsibility of the inmate to initiate the appeal process.

  2.  The inmate must request an appeal form (MDC-4) from the Case Manager.

  3.  The appeal must be submitted in writing on the appeal form, via the Case manager, within five (5) working days from the date the inmate receives the response from the Grievance Manager. The notice of appeal must state in specific terms the basis of the appeal.

  4.  Appeals based on frivolous or unsubstantiated grounds, such as attacks on employee's character, are not upheld.

  5.  When an appeal is filed, the Case Manager after reviewing the file for completeness, will forward the entire grievance file to the Deputy Chief, along with a recommendation for resolving the issue.

  6.  Contents of File forwarded to Deputy Chief.

    a. Grievance
    b. Grievance Manager/Committee report
    c. Recommendation as to dispassion

  7.  The appeal shall be considered and a ruling made by the Deputy Chief within Five (5) working days of his receipt of the file.

  8.  The decision of the Deputy Chief is the last and final word on the grievance.

  9.  The Deputy Chief will return the signed appeal to the Grievance Manager,

  10.  The Grievance Manager will log it and return it to the Case Manager to return to the inmate.

  11.  A copy will be given to:

    a. The inmate
    b. The inmate's file
    c. Grievance Manage will keep the original in his/her file.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO – ALBUQUERQUE DIVISION

| | |
|---|---|
| DARRYL STEWART, | |
| Plaintiff, | C.A. No. CV 11-0298 MCA/WPL |
| v. | Consolidated With |
| CANTEEN CORPORATION FOOD SERVICES, et al., | C.A. No. CV11-0496 MCA/WPL |
| Defendants. | |

## AFFIDAVIT OF RAUL GRIEGO

## EXHIBIT B

BERNALILLO COUNTY METROPOLITAN DETENTION CENTER

MDC-5 (revised 1/13/05) — Inmate Request Information Form

*Grievance*
*Food Service*

*Grievance*
*Food Service*

Date: March 28, 2010

Inmate's Name: Stewart, Darryl
(Last) (First) (Middle)

DOC #: 130557324

Exact Nature of Request: I want to know why I'm having a lot of problems with the Diet Trays & you are telling me that you can override what the Doctor said.

Inmate's Signature: Darryl Stewart

DATE REC'D BY C/M or SUPERVISOR: _____  C/M or SUPERVISOR SIGNATURE: _____

RESPONSE TO REQUEST: _____

Staff Name (printed) _____  Staff Signature _____

* THIS REQUEST/INFORMATION FORM IS TO BE FILLED OUT BY AN INMATE WITH A SPECIAL REQUEST.
* REQUEST/INFORMATION FORM MUST BE RETURNED TO THE C/M FOR HANDLING.
  WHEN THE REQUEST IS COMPLETED THE FORM IS TO BE SECURED IN THE INMATE'S CASE FILE.

CC: **White**–Case Manager (C/M)   **Yellow**–Inmate's File   **Pink**–Inmate

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO – ALBUQUERQUE DIVISION

| | |
|---|---|
| DARRYL STEWART, ) | |
| ) | |
| Plaintiff, ) | C.A. No. CV 11-0298 MCA/WPL |
| ) | |
| v. ) | Consolidated With |
| ) | |
| CANTEEN CORPORATION FOOD ) | C.A. No. CV11-0496 MCA/WPL |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF RAUL GRIEGO

### EXHIBIT C



Grievance/Response

    Inmate Stewart, Darryl #130557324 diet trays are being followed according to your specific diet order low fat low sodium in compliance to the diet menu. We will continue to monitor your diet.

Thank you,

Joe Medina